IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEONE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-2322 |
| AIR PRODUCTS & CHEMICALS, INC. | : | |
| | : | |
| | : | |
| Defendant | : | |

**MEMORANDUM OPINION & ORDER**

GOLDEN, J.                                                                                                         APRIL 30, 2008

Before the Court is defendant's motion for summary judgment. The motion is granted in part and denied in part for the reasons that follow.

**STANDARD OF REVIEW**

Summary judgment should be granted if the record, including pleadings, depositions, affidavits, and answers to interrogatories demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c). In making that determination, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The question is whether "the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. It is not the role of the trial judge "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial," id. at 250, because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 255. At "the

summary judgment stage, in other words, 'all that is required [for a non-moving party to survive the motion] is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve [at trial] the parties' differing versions of the truth.'"  Jackson v. Univ. of Pittsburgh, 846 F.2d 230, 233 (3d Cir. 1987) (*quoting* First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)).

The summary judgment "standard is applied with added rigor in employment discrimination cases, where intent and credibility are crucial issues."  Stewart v. Rutgers, 120 F.3d 426, 431 (3d Cir. 1997) (internal quotation omitted).  The Court is also mindful of the "low bar for establishing a *prima facie* case of employment discrimination."  Scheidemantle v. Slippery Rock Univ., 470 F.3d 535, 539 (3d Cir. 2006).

### BACKGROUND

Defendant hired plaintiff as a driver technician in February 2002.  In September 2004, defendant promoted plaintiff to warehouse manager of its Lansdale, Pennsylvania facility.  In November 2004, plaintiff sustained injuries to his neck, back, shoulder, and biceps in a car accident.  Plaintiff returned to work under doctor's restrictions in December 2004.  In April 2005, defendant demoted plaintiff to distribution supervisor and replaced him with a younger employee.  In June 2005, defendant terminated plaintiff, who was 46 years-old at the time, and replaced him with a younger employee.[1]

Plaintiff now sues damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621,  Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and

---

[1] Because this motion is before the Court on a motion for summary judgment, the facts in this paragraph are stated in the light most favorable to plaintiff.  Anderson, 477 U.S. at 255.

Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 953.

## APPLICABLE LAW

The ADEA prohibits employment discrimination on the basis of age. 29 U.S.C. § 623. In order to establish a *prima facie* case under the ADEA, a plaintiff must demonstrate that he suffered an adverse employment action while being over 40 years-old and otherwise qualified for his or her position, and that the employer replaced the plaintiff with a person sufficiently younger to raise an inference of age discrimination. Hill v. Borough of Kutztown, 455 F.3d 225, 247 (3d Cir. 2006). If the plaintiff meets this burden, the defendant must then identify a non-discriminatory reason for its adverse employment action against the plaintiff. Kautz v. Met-Pro Corp., 412 F.3d 463, 465 (3d Cir. 2005). If the defendant can point to such a reason, the plaintiff must then provide direct or circumstantial evidence upon which a jury could reasonably disbelieve the defendant or find that discrimination more likely than not occurred. Id.

The Americans with Disabilities Act ("ADA") prohibits employment discrimination on the basis of disability. 42 U.S.C. § 12112(a). To establish a *prima facie* case under the ADA, a plaintiff must show that he is protected under the ADA, is otherwise qualified for his position, and suffered an adverse employment action. Shaner v. Synthes, 204 F.3d 494, 500 (3d Cir. 2000). If the plaintiff meets this burden, the defendant must then identify a non-discriminatory reason for its adverse employment action against the plaintiff. Walton v. Mental Health Ass'n of Southeastern Pa., 168 F.3d 661, 668 (3d Cir. 1999). If the defendant can point to such a reason, the plaintiff must then provide direct or circumstantial evidence upon which a jury could reasonably disbelieve the defendant or find that discrimination more likely than not occurred. Id.

Plaintiff also asserts claims for the same conduct under the PHRA, and Pennsylvania

courts "generally interpret the PHRA in accord with its federal counterparts." Kelly v. Drexel Univ., 94 F.3d 102, 105 (3d Cir. 1996) ("the district court properly treated Kelly's PHRA claims as coextensive with his ADA and ADEA claims").

## ANALYSIS

### 1. ADEA Claim

The ADEA claim cannot be decided on summary judgment because key facts are in dispute. For example, there is a conflict in the record regarding the reasons for plaintiff's termination. Plaintiff was 46 years-old when defendant terminated him, and defendant replaced him with a younger employee, so he is a member of an ADEA protected class and the burden shifts to the defendant to identify a non-discriminatory reason for terminating him. Kautz, 412 F.3d at 465.

The parties present contradictory evidence on this point. Anne Guarini, the general manager of the Lansdale facility where plaintiff worked, claims that she terminated plaintiff as part of a work force reduction. Def.'s Statement of Facts at ¶¶ 34-36, Guarini Dep. 53:10 – 57:3, Jan. 8, 2008. Guarini also claims that, in deciding which employees to terminate, plaintiff's supervisor, Brendan Boyle, told her that plaintiff's co-worker, Michael Schueck, was the stronger employee. Guarini Dep. 53:10 – 57:3.[2] For his part, plaintiff presents evidence that defendant's

---

[2] For example, Guarini testified as follows:

Q: So who made the first recommendation to eliminate Michael Leone's position?
A: Who made the first recommendation. It was probably my recommendation based on my evaluation from my supervisors – supervisor.
Q: But you consulted –
A: Brendan.
Q: Brendan Boyle first?
A: Uh-hum.
Q: That's yes?
A: Yes.

4

alleged reason for eliminating plaintiff's position was pretextual because plaintiff's position was never eliminated.  Pl.'s Statement of Facts at ¶ 34, Harris Dep. 95:11 – 14, Jan. 7, 2008.  Plaintiff also asserts that Brendan Boyle actually told Guarini that plaintiff had a better attitude and work ethic than Michael Schueck, who she decided to keep.  Pl.'s Statement of Facts at ¶ 34, Boyle Dep. 33:9 – 12, Jan. 8, 2008.[3]

In order to determine whether defendant's proffered reason for terminating plaintiff is pretextual, it is necessary to assess the credibility of Anne Guarini and Brendan Boyle because their deposition testimony is in conflict.  Because the "Court may not weigh the evidence or assess credibility," MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005), and since to survive summary judgment it is only necessary to determine that "the evidence presents a sufficient disagreement to require submission to a jury," Anderson, 477 U.S. at 251-52, the Court

---

Guarini Dep. 54:24 – 55:5.  Later in the same deposition, Guarini explained:

> A:  I'd asked Brendan Boyle if, I don't know if this is exactly how I said it, but evaluate [Michael Leone and co-worker Michael Schueck].  Tell me who's stronger.
> Q:  And who did he say was stronger.
> A:  Michael.
> Q:  There's two Michaels.  Are you talking about Michael?
> A:  Michael Schueck.

Guarini Dep. 56:5 – 12.

[3] Boyle testified as follows:

> Q:  And what were your opinions about the elimination of Mr. Leone's position?
> A:  I didn't agree with it.
> Q:  Why didn't you agree with it?
> A:  Because I thought we need that position just because of . . . what I needed to accomplish to get [the Lansdale facility] turned around.
> Q:  You couldn't accomplish that with Michael Schueck instead of Mr. Leone?
> A:  Not with – Michael Leone had better attitude and better work ethic than Mike Shueck had.
> Q:  Did you relate that to Anne Guarini?
> A:  Yes.

Boyle Dep. 32:24 – 33:12.

finds that summary judgment is inappropriate on plaintiff's ADEA claim.

### 2.     ADA Claim

Plaintiff's ADA claim fails because he has been unable to establish that he is entitled to ADA protection. In order to shift the burden to defendant to identify a non-discriminatory reason for his termination, plaintiff must establish that he is a member of an ADA-protected class, Walton, 168 F.3d at 668, meaning he must show that he suffers from impairment that substantially limits one or more of his major life activities, has a record of such an impairment, or is perceived as having such an impairment. 42 U.S.C. § 12102(2). On this point, plaintiff presents evidence that, as a result of an automobile accident, he was limited to sedentary duty and subject to lifting restrictions. See Leone Dep. 81:5 – 6, 130:8 – 10, 138:18 – 20, Jan. 3, 2008; see also Functional Capacity Evaluation Report (Pl.'s Br. Ex. 15) (limiting plaintiff to light activity and lifting no more than 15-20 pounds).

Plaintiff's limitations, even taken in the light most favorable to him, do not qualify him for ADA protection. In Marinelli v. City of Erie, 216 F.3d 354 (3d Cir. 2000), the Third Circuit vacated a jury verdict in favor of a plaintiff with restrictions more severe than Leone's. Id. at 366. For example, the Marinelli plaintiff was limited to lifting 10 pounds, id. at 363-64, could not engage in repetitive arm motion without experiencing pain severe enough to require him to lay down, and could not perform household chores or operate a snow plow. Id. at 357. Despite his employer's refusal to accommodate these restrictions, id. at 358, the Third Circuit vacated the jury verdict in his favor and dismissed his Complaint. Id. at 366. In the present case, plaintiff can lift more than the Marinelli plaintiff, Pl.'s Br. Ex. 15, does not suffer from pain so severe as to require him to lay down, and can operate a car. Leone Dep. 138:18 – 20. Moreover,

6

Marinelli found that sedentary restrictions like the ones plaintiff suffers from are "insufficient to establish that the plaintiff was disabled within the meaning of the ADA." Id. at 365 (internal citation omitted); see also DeGroat v. Power Logistics, 118 Fed. Appx. 575, 576 (3d Cir. 2004) (affirming district court's grant of summary judgment where plaintiff asserted ADA claim and alleged he was limited to sedentary activities) (not precedential); Cella v. Villanova Univ., 113 Fed. Appx. 454, 455 (3d Cir. 2004) (affirming district court's grant of summary judgment on ADA claim where plaintiff's injury caused lifting restrictions); Hartwell v. Lifetime Doors, Inc., 2006 WL 381685, at *14-15 (E.D. Pa. Feb. 16, 2006) (relying on Marinelli to grant summary judgment on ADA claim where plaintiff's shoulder injury limited him to "light work").[4]

Because the facts, even when viewed in the light most favorable to plaintiff, are insufficient to shift the burden to defendant to assert a non-discriminatory reason for terminating plaintiff, summary judgment is granted on the ADA claim and the related PHRA claim.

An appropriate Order accompanies this Memorandum Opinion.

---

[4] Plaintiff has also presented no evidence that defendant regarded his impairment as any more serious than it actually was, 42 U.S.C. § 12102(2)(C), nor does he suggest that he has a record of impairment other than the injuries from his car accident that could have entitled him to protection under 42 U.S.C. § 12102(2)(B).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEONE | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-2322 |
| AIR PRODUCTS & CHEMICALS, INC. | : | |
| | : | |
| Defendant | : | |

## ORDER

AND NOW, this 30th day of April, 2008, it is hereby ORDERED that defendant's motion for summary judgment (Document No. 14) is GRANTED with respect to plaintiff's disability claims under the ADA and PHRA, and DENIED with respect to plaintiff's age discrimination claims under the ADEA and PHRA, with leave to renew in the form of a motion for directed verdict at the close of plaintiff's case-in-chief.

IT IS FURTHER ORDERED that, the Court having decided defendant's motion for summary judgment, defendant's motion for leave to file a reply to plaintiff's response to its motion for summary judgment (Document No. 16) is DENIED as moot.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.